UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

EDWARD TORRES
                                        PRISONER
   v.                        CASE NO. 3:03CV2227(MRK)(WIG)

JUDITH HOWELL, et al.

RULING AND ORDER

    Plaintiff has filed a third motion seeking appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied without prejudice.

    As the court stated in its previous ruling, the Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

    In response to the court's observation in the previous ruling that plaintiff had not indicated that he had made any attempts to obtain legal assistance on his own, plaintiff has

provided two letters, dated December 2002, from private attorneys who declined assistance.  He also has provided a copy of a business card from a third attorney.  Plaintiff states that he contacted this attorney in May 2005 and was informed that the attorney would not accept his case unless a substantial retainer was provided.

Two attempts nearly three years ago and one recent attempt is insufficient to demonstrate that plaintiff cannot obtain legal assistance on his own.

Plaintiff again states his belief that he is constitutionally entitled to effective assistance of counsel in this case.  As the court stated previously, there is no constitutional right to counsel in a civil matter.  See, e.g., Cooper, 877 F.2d at 172-74 (noting that there is no constitutional right to counsel at a civil trial); Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984) (holding that party has no constitutional or statutory right to counsel in a civil case).

Although the court informed plaintiff of the requirements that must be me before the court will consider appointment of counsel, plaintiff has not addressed the requirements in his motion.  When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance."  Hodge, 802 F.2d at 61.  In Cooper v.

2

Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit."  877 F.2d at 173-74.  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  Id. at 171.

Although defendants now have appeared, they have been granted an extension of time, until November 1, 2005, to respond to the complaint by filing an answer or motion to dismiss. Because defendants have not yet responded to the complaint, the court is unable to assess the likely merit of plaintiff's claims. Accordingly, plaintiff's motions for appointment of counsel or a special master [**doc. #25**] is **DENIED** without prejudice to renewal at a later stage of litigation.

**SO ORDERED** this ___21st___ day of October, 2005, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE